**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ARTEM KOSHKALDA, | No. 20-60027 |
| Debtor, | BAP No. 19-1235 |
| ------------------------------ | |
| ARTEM KOSHKALDA, | MEMORANDUM* |
| Appellant, | |
| v. | |
| SEIKO EPSON CORPORATION; EPSON AMERICA, INC., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Taylor, and Faris, Bankruptcy Judges, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Chapter 7 debtor Artem Koshkalda appeals pro se from the Bankruptcy

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order in Seiko Epson Corporation's ("Epson") adversary proceeding seeking to prevent Koshkalda from discharging a judgment Epson received against him. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

In his opening brief, Koshkalda fails to address the BAP's affirmance of Epson's claim under 11 U.S.C. § 727(a)(7), and he has therefore waived his challenge to the BAP's order on this claim. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

The bankruptcy court properly granted summary judgment for Epson on its claim under 11 U.S.C. § 727(a)(2) and (3) seeking to prevent Koshkalda from discharging a judgment Epson received against him. Koshkalda failed to raise a genuine dispute of material fact as to whether he did not engage in transfers of property meant to hinder Epson's ability to collect its judgment. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196-1205 (9th Cir. 2010) (discussing

standard of proof applicable to party objecting to discharge and setting forth elements of claim for hindering acquisition of creditor property). Koshkalda also failed to raise a genuine dispute of material fact as to whether he kept adequate business records such that Epson could ascertain his financial position. *See Caneva v. Sun Communities Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 761 (9th Cir. 2008) (setting forth elements of a claim for failing to keep and preserve business records).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**